## BANK OF PASCO COUNTY, et al v. LEWIS, State Comptroller.
### No. 75-1588.
Circuit Court, Leon County.

November 17, 1975.

Robert J. Angerer of Ervin, Varn, Jacobs & Odom, Tallahassee, for the plaintiffs.

Fred O. Drake, III, Tallahassee, for the defendant.

HUGH M. TAYLOR, Circuit Judge.

Plaintiffs and the defendant have moved for summary judgment. They agree that a decision of this case turns upon questions of law.

Plaintiffs are banks authorized to do business under the laws of Florida and directors and stockholders of such banks. As such they are proper parties to seek a declaration of the law posed by this question —

*May the comptroller of the state of Florida demand, and secure, from banking corporations lists of all their stockholders and release such lists to the news media or otherwise open them for inspection by the public?*

The plaintiffs do not question the authority of the comptroller[1] to examine the stock books of banks, along with all other records

---

1. The comptroller is sued in his capacity as head of the department of banking and will be regarded as identical with the department for the purposes of this case.

reasonably material to the performance of his duties in supervising banks. Nor do they question their duty to prepare and furnish to the comptroller accurate lists of all their stockholders and the number of shares owned by each.

The sole question at issue is the authority of the comptroller under existing law to release the information contained in such lists to the public and the news media.

Before examining the applicable law it may be well to observe that, insofar as the statutes are applicable, the information contained in the stock book of a bank is in exactly the same status as the information contained in its records of deposits, of oustanding loans, and the financial statements of all borrowers or applicants for loans :rom the bank. It is, of course, necessary for the comptroller to have access to these records in order to intelligently determine the solvency of the bank.

While the comptroller must, in the overriding public interest, have access to all of a bank's records which may be in any substantial degree material to its solvency, this does not mean that the public or the news media should be permitted to examine the records.

The statute which makes public records open to the public, Chapter 119, Florida Statutes, expressly provides in subsection 119.07(2) —

> "All public records which presently are deemed by law to be confidential or which are prohibited from being inspected by the public, whether provided by general or special acts of the legislature or which may hereafter be so provided, shall be exempt from the provisions of this section."

It will be observed that records referred to in §658.10(1), Florida Statutes, are expressly exempted from the right of public scrutiny.

Section 658.10(1) provides in part as follows —

> "*Division records.* — All bank or trust company applications, investigation reports, examination reports and related information, including any duly authorized copies in possession of any banking organization, foreign banking corporation, or any other person or agency, shall be confidential communications, other than sucா documents as are required by law to be published, and shall not be made public, unless *with the consent of the department,* pursuant to a court order, or in response to legislative subpoena as provided by law."
> (Italics added.)

The defendant relies upon the italicized clause as giving him authority, having demanded and received from banks information as to the names and stock holdings of all their stockholders, to deliver such lists to all news media and to the public generally.

It cannot be denied that, although inconsistent with other provisions of this statute, as well as subsection 119.07(2), the literal meaning of the words used by the legislature gives the comptroller this right. The court does not have authority to change the statute.

But the court does have the authority, and the duty, in appropriate cases, to declare legislative acts to be in conflict with the constitution and, to the extent of such conflict, to be invalid.

Clearly the statute itself does not give the public or the news media the right to inspect, copy and publish the information received by the comptroller in the course of performing his duties under the banking laws. Such information is *under the statute* confidential except when released "with the consent of the department." There are no restrictions, limitations, or guidelines provided in the statute to limit or regulate the action of the department in granting or withholding consent to the news media inspecting, copying and publishing any information in a bank's records.

As the statute is written, the department may release the financial statements of some borrowers, the bank balances of others and the stock holdings of others, and this the department may do entirely at the whim or caprice of the comptroller. The fact that, as of the present time, the comptroller has attempted to exercise such authority only as to stock holdings in banks is immaterial. The validity of the power sought to be vested in the comptroller must be measured by the scope of the grant of power, not the extent to which it has been exercised.

As the statute is written, it makes a vast volume of private records necessarily subject to governmental inspection confidential, but then gives the comptroller unrestricted and unlimited power to exempt particular records and items of information from the operation of that provision of the statute making them confidential.

In other words, the department is given power from day to day to say what is the law as to the confidential nature of any records of banks which the department has the right to inspect or include in the reports of bank examinations.

The constitution does not permit this delegation of legislative power.

The court is not expressing any opinion as to the power of the legislature, by appropriate statute, to require that the ownership of

all stock in a bank be a matter of public information. The court is merely holding that the legislature has not done this and has not, with constitutional guidelines, delegated that power to the department of banking or the comptroller.

It is, therefore, adjudged —

1. So much of §658.10(1), Florida Statutes, as purports to authorize the publication of records which are otherwise confidential "with the consent of the department" of banking is invalid.

2. The comptroller has no authority to release to the public or to permit inspection by the public or the news media of any records of the names and stock holdings of the stockholders of the plaintiff banks.

3. The defendant Gerald A. Lewis, as comptroller of the state of Florida and ex-officio head of the department of banking, is permanently enjoined and restrained from releasing to the public or the news media the names and stock holdings of the stockholders of the plaintiffs Bank of Pasco County, Bank of Ormond-by-the-Sea, Bank of Madison, Bank of Greenville, and Bank of Graceville.